# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 5, 2010

Lyle W. Cayce
Clerk

No. 09-41222
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROLANDO ROEL-VILLAGOMEZ, also known as Alejandro Roel-Villagomez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-1172-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rolando Roel-Villagomez appeals his sentence of 37 months' imprisonment, imposed following his guilty-plea conviction for being an alien found unlawfully in the United States after having previously been removed. *See* 8 U.S.C. § 1326. He contends: the district court committed procedural error by failing to explain sufficiently its reasons for rejecting his request for a downward variance from the advisory Guideline sentencing range; and, his sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 50–51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Accordingly, pursuant to *Gall*, we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error". *Id.* at 752-53. If there is no such error, we then review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 751-53. "[A] sentence within a properly calculated Guideline range is presumptively reasonable". *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation". *Rita v. United States*, 551 U.S. 338, 356 (2007). The requirement that the district court explain its sentence may be satisfied by the district court's listening to the parties' contentions and then indicating that a sentence within the Guidelines range is appropriate. *Id.* at 357-59. Here, the district court heard Roel's contentions, rejected them, and stated that a sentence within the advisory Guidelines range satisfied the factors of 18 U.S.C. § 3553(a). Accordingly, the district court's explanation of the sentence, although brief, was legally sufficient. *See Rita*, 551 U.S. at 358-59.

For substantive reasonableness, as noted, "[a] discretionary sentence imposed within a properly calculated Guidelines range is presumptively reasonable". *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.),

2

*cert denied*, 129 S. Ct. 328 (2008). That this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Roel has presented "no reason to disturb" the presumption of reasonableness in this case. *See United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

AFFIRMED.